## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA HOSKINS, #R54570, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 20-cv-00549-SMY** |
| | ) | |
| J.R. BROCKE, | ) | |
| MR. HALE, | ) | |
| MICHAEL BAILEY, | ) | |
| MR. SHIRLEY, | ) | |
| MR. DUDEK, | ) | |
| ROBERT TOMSHAK, | ) | |
| MR. WALL, | ) | |
| DANIEL HARRISS, | ) | |
| MR. WANNACK, | ) | |
| MR. HECK, | ) | |
| MR. SWISHER, and | ) | |
| WARDEN OF PINCKNEYVILLE | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  Plaintiff seeks monetary damages and injunctive relief.  (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1):  In May and June 2020, Defendants denied Plaintiff access to the grievance system, retaliated against him for filing grievances and lawsuits, and were deliberately indifferent to his serious medical needs.  Brocke was told by various prison officials that Plaintiff filed lawsuits against them, that Brocke will be next, but the counselors will help by not filing Plaintiff's grievances.  Counselors Reid and Brown refused to process Plaintiff's grievances.  Lieutenant Wall told Plaintiff his grievances would not be processed due to the nature of the grievances.  Brocke and Nurse Rueter told Plaintiff that they know if he does not complete the grievance process, a lawsuit filed against them will be dismissed.

Bailey, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale told Plaintiff that Nurse Rueter and/or Wannack had given them copies of Plaintiff's psychiatric notes that detail his mental illnesses, the medications he is prescribed, and the complaints he has made about staff forcing him to refuse his prescription medications.  Wall, Harriss, and Brocke discussed his mental illnesses and medications in front of other inmates and prison staff in a "provoking and teasing manner."  Heck also disclosed Plaintiff's mental illnesses and medications to other prison staff and stated that Plaintiff was "f***ed up mentally." They laughed at him.

Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale threatened Plaintiff with placement in segregation on false disciplinary charges to force him to tell the psychiatrist he wanted to discontinue his prescription medication for his mental illnesses.  They wanted to stop him from making complaints about staff forcing him to refuse his medication.  Rueter told Plaintiff she wanted him to suffer from his mental illnesses. Heck told Plaintiff they wanted him to suffer from depression and stress during the COVID-19 pandemic.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

| | |
|---|---|
| **Count 1:** | **First and/or Fourteenth Amendment claim against Wall, Brocke, and Nurse Rueter for impairing and restricting Plaintiff's right to file grievances and making the grievance process unavailable to him.** |
| **Count 2:** | **First Amendment retaliation claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.** |
| **Count 3:** | **Eighth Amendment deliberate indifference claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale for interfering with and/or denying Plaintiff mental health treatment.** |
| **Count 4:** | **HIPAA violation claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale for the unauthorized disclosure of Plaintiff's mental health information.** |
| **Count 5:** | **Eighth and/or Fourteenth Amendment claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale for the unauthorized disclosure of Plaintiff's mental health information and/or disclosing the information for the purpose of threatening and humiliating Plaintiff.** |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.** *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## <u>Preliminary Dismissals</u>

Plaintiff alleges Counselors Reid and Brown have denied him access to the grievance

process (he also raises this issue in a motion for preliminary injunction).   However, Reid and Brown are not named as defendants and any claim intended against them is considered dismissed without prejudice.  *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

### Count 1

Prison grievance procedures are not mandated by the First Amendment.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).   That said, inmates have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints.  *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).  Here, Plaintiff's access to the courts has not been impeded by the alleged actions because the unavailability of administrative remedies is not a bar to potential litigants bringing their claims.  *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance").   Further, prison grievance procedures do not create interests protected by the due process clause.  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996). "Any right to a grievance procedure is a procedural right, not a substantive one."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  For these reasons, Count 1 fails to state a claim and will be dismissed.

### Count 2

The allegations are sufficient to proceed on the retaliation claim in Count 2 against Nurse

Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.

### Count 3

The allegations are sufficient to proceed on the deliberate indifference claim in Count 3 against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.

### Count 4

There is no private cause of action under the Health Insurance Portability and Accountability Act ("HIPAA") or an enforceable right for purposes of a lawsuit under § 1983. *See Carpenter v. Phillips,* 419 Fed. App'x 658, 659 (7th Cir. 2011). Therefore, Plaintiff fails to state a claim in Count 4 and it will be dismissed.

### Count 5

"The Supreme Court has recognized a constitutional right to information privacy under the Fourteenth Amendment." *Franklin v. McCaughtry*, 110 F. App'x 715, 718–19 (7th Cir. 2004) (citing *Whalen v. Roe,* 429 U.S. 589, 599–600 (1977)). "Prisoners, though, at best have very limited privacy rights." *Id.* Whether prisoners have constitutional privacy rights in their medical records is an open question in this circuit. *Id.*; *see also Massey v. Helman,* 196 F.3d 727, 742 n. 8 (7th Cir. 1999); *Anderson v. Romero,* 72 F.3d 518, 522-23 (7th Cir.1995). The Seventh Circuit has acknowledged, however, that certain disclosures may be actionable under the Eighth Amendment's cruel and unusual punishment clause. *Anderson v. Romero*, 72 F.3d 518 (7th Cir. 1995). "If prison officials disseminate[] humiliating but penologically irrelevant details of a prisoner's medical history, their action might conceivably constitute the infliction of cruel and unusual punishment; the fact that the punishment was purely psychological would not excuse it."

*Id.*

Plaintiff alleges unauthorized disclosures of his mental health information by Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.  His allegations also suggest that Defendants Wall, Harriss, Brocke, and Heck disclosed his mental health information to other inmates and prison staff for the purpose of threatening and humiliating him.  The Court will therefore allow Count 5 to proceed against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.

## Request for Injunctive Relief

Plaintiff requests injunctive relief in his Complaint (Doc. 1, p. 50) and also filed a motion requesting a preliminary injunction (Doc. 3). He requests that the Court order the defendants not to interfere with him receiving his prescription medications for his mental illnesses.  Additionally, he seeks an order that the Warden ensure staff does not listen to his visits with mental health staff and that his mental health records be protected such that only mental health staff can access the records.

**The Court DIRECTS Defendants to respond to the motion within 14 days of service.** The Warden of Pinckneyville Correctional Center will be added as a defendant in his/her official capacity only, for the purpose of Plaintiff's claim for injunctive relief. All other official capacity claims against Defendants are **DISMISSED** without prejudice.[1]

## Disposition

**IT IS HEREBY ORDERED** that Counts 2, 3, and 5 will proceed against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale.

---

[1] The Warden is the appropriate official capacity defendant for the injunctive relief claim. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Plaintiff's claim for monetary damages may only be made against Defendants in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).

Count 1 is **DISMISSED** without prejudice and Count 4 is **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to **ADD** the Warden of Pinckneyville Correctional Center, official capacity only, for the Plaintiff's claims of injunctive relief.

The Clerk of Court shall prepare for Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, Hale, and the Warden of Pinkneyville Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.**

The Motion for Urgent Preliminary Injunction (Doc. 3) shall remain pending, and

**Defendants are DIRECTED to respond to the motion within 14 days of service.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 11, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.