# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA HOSKINS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:20-cv-00549-GCS |
| | ) |
| **J. RUETER, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On June 9, 2020, Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. That same day, Hoskins filed a motion for an urgent preliminary injunction. (Doc. 3). Plaintiff, in his motion, requests that the Court order the Defendants not to interfere with him receiving his prescription medications for his mental illnesses. Additionally, he seeks an order that the Warden ensure staff does not listen to his visits with mental health staff and that his mental health records be protected such that only mental health staff can access the records. The Court conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Doc. 7). The June 12, 2020 Order allowed Plaintiff to proceed on the following claims:

>Count 2: First Amendment retaliation claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale;
>
>Count 3: Eighth Amendment deliberate indifference claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale for interfering with and/or denying Plaintiff mental health treatment; and
>
>Count 5: Eighth and/or Fourteenth Amendment claim against Nurse Rueter, Bailey, Wannack, Shirley, Tomshak, Brocke, Wall, Harriss, Heck, Dudek, Swisher, and Hale for the unauthorized disclosure of Plaintiff's mental health information and/or disclosing the information for the purpose of threatening and humiliating Plaintiff.

Thereafter, Defendants filed oppositions to the motion (Doc. 31, 50), and Hoskins filed replies. (Doc. 32, 51). Based on the reasons delineated below, the Court DENIES the motion as the motion for preliminary injunction is not warranted.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's pleadings that he is not entitled to the relief requested.

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, the Court finds that Hoskins has failed to establish a likelihood of success on the merits of his case. He claims that, during the time period of May and June 2020 while housed in R5, the segregation wing, Defendants forced him to refuse his psychotropic medications and that Defendants disclosed his private mental health information. Hoskins does not provide proof of these allegations beyond his own unsworn statements and Defendants deny these allegations. The Court agrees with Defendants that Hoskins failed to provide sufficient evidence to show that any actions by Defendants have led to his refusal of his medications during May and June 2020.

In fact, Hoskins's medical records refute his allegations about being forced to refuse his medications, as the medical records reveal that he was not prescribed

psychotropic medications during this time period claimed in his motion.[2] Specifically, on May 12, 2020, Dr. Randy Readling, a psychiatrist, discontinued Hoskins's psychotropic medications. His medical records also show that he has a history of refusing his medications and medical appointments. Likewise, Hoskins has not provided any evidence beyond his unsworn statements to support his allegations that security staff improperly obtained his medical information and disclosed that information by listening outside the telepsych room and his cell.  Similarly, as to his retaliation claim, Hoskins has not demonstrated that any of Defendants have prevented him from filing suits or grievances. In fact, Hoskins' case filings in this judicial district reflect otherwise.  In 2020 alone (last case filed on October 9, 2020); Hoskins has filed twelve (12) lawsuits in this Court against many of these same Defendants based on similar allegations. *See* 20-00302-RJD; 20-00395-MAB; 20-00508-GCS; 20-00522-GCS; 20-00533-GCS; 20-00549-GCS; 20-00560-DWD; 20-00575-DWD; 20-00766-NJR; 20-00776-SPM; 20-00788-DWD and 20-01068-DWD. Because Hoskins has not shown a likelihood of success on the merits, the Court finds that a preliminary injunction is not warranted.

Accordingly, the Court **DENIES** Plaintiff's motion for urgent preliminary injunction. (Doc. 3).

**IT IS SO ORDERED.**

Dated: December 1, 2020.

Digitally signed by Judge Sison 2
Date: 2020.12.01 14:58:11 -06'00'

GILBERT C. SISON
United States Magistrate Judge

---

[2]  Hoskins's medical records show that he was previously diagnosed with bipolar disorder, mood disorder and depression and that he previously was prescribed Depakote (1000 mg) for his bipolar condition, Prozac (20 mg) for depression, and Risperdal (0.5 mg), an anti-psychotic drug.