UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. 3:20-cv-00549-GCS |
| | ) |
| J. RUETER, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff Joshua Hoskins's December 4, 2020 motion to reconsider. (Doc. 74). Specifically, Hoskins moves the Court to reconsider its December 1, 2020 Memorandum and Order denying his motion for preliminary injunction. *See* Doc. 73. Based on the following, the Court **DENIES** the motion to reconsider.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Hoskins's motion was filed within 28 days of the entry of Order, and it will therefore be considered under Rule 59(e).  *See Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case."  *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party";

rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Hoskins clearly takes issue with the Court's decision to deny his motion for preliminary injunction against Defendants. His motion provides no additional or new evidence that demonstrates that this Court's Memorandum and Order contained a manifest error of fact or law. In fact, the undersigned thoroughly addressed Hoskins's motion for preliminary injunction in the December 1, 2020 Memorandum and Order. The Court did not overlook significant facts that would have changed the outcome of the undersigned's decision. The Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling precedent. Instead, this is an instance where the losing party is disappointed by the outcome. That alone is insufficient to warrant a reversal.

As such, the Court **DENIES** Hoskins's motion to reconsider. (Doc. 74).

**IT IS SO ORDERED.**

Dated:  January 5, 2021.

Digitally signed by Judge Sison 2
Date: 2021.01.05 12:52:20 -06'00'

GILBERT C. SISON
United States Magistrate Judge