UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00549-GCS |
| | ) |
| J. RUETER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Now before the Court is Hoskins's motion to substitute magistrate judge showing good cause, which the undersigned construes as a motion for recusal. (Doc. 89). Specifically, Hoskins contends that the undersigned will not consider relevant evidence demonstrating that the grievance process was unavailable to him regarding the exhaustion issue in this case, and he believes he will not be able to succeed on the merits of this case because of the undersigned's previous rulings in this case and in other cases. Based on the following, the Court **DENIES** the motion.

A federal judge must recuse himself in two situations. Under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). In *Hook v. McDade*, 89

F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." It is well established that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Id. at* 355.

Under § 455(b)(1), a judge must recuse himself if "he has a personal bias or prejudice concerning a party." To disqualify a judge under this provision, the party must prove bias "by compelling evidence" and "[t]he bias or prejudice must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal quotation marks omitted).

Hoskins's motion satisfies neither of these requirements. As to potential disqualification under § 455(a), the only ground offered by Hoskins appears to be his disappointment with recent rulings of the Court. As stated above, however, that is insufficient. Regarding disqualification under § 455(b)(1), Hoskins has not alleged an appearance of bias. Nor has he alleged actual bias, such as personal animus or malice on the part of the judge, which is typically required to establish personal bias or prejudice. *See, e.g.,* 28 U.S.C. § 144 (establishing procedure to recuse judge based on personal bias or prejudice through the filing of an affidavit stating "the facts and reasons for the belief that bias or prejudice exists[.]" *See also United States v. Balistreri*, 779 F.2d 1191, 1201 (7th Cir. 1985)(noting that phrase "personal bias or prejudice" in Section 144 has the same

meaning as that found in Section 455(b)(1)), overruled on other grounds by, *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016)(holding that a district court's decision regarding recusal under Section 455(a) can be vindicated on appeal like a recusal decision under Section 455(b)). The Court's previous rulings do not constitute bias. Further, the undersigned has no bias or prejudice concerning Hoskins.

As such, the Court **DENIES** Hoskins's motion to substitute magistrate judge showing good cause. (Doc. 89).  The Court notes that it does not view this as a motion to withdraw consent to magistrate judge jurisdiction. To the extent that is what Hoskins intends, Hoskins should file a motion so stating and the motion will be decided by a District Judge.

**IT IS SO ORDERED.**

Dated:  February 17, 2021.

Digitally signed by Judge Sison 2
Date: 2021.02.17 14:08:00 -06'00'

_____
GILBERT C. SISON
United States Magistrate Judge