# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:20-cv-549-DWD |
| | ) | |
| JANA RUETER, | ) | |
| DAVID BROCK, | ) | |
| GARRICK HALE, | ) | |
| MICHAEL BAILEY, | ) | |
| WESLEY SHIRLEY, | ) | |
| JOSEPH DUDEK, | ) | |
| ROBERT TOMSHAK, | ) | |
| CHAD WALL, | ) | |
| DANIEL HARRISS, | ) | |
| DONALD WANNACK, | ) | |
| CHARLES HECK, | ) | |
| CHARLES SWISHER, and | ) | |
| JEFFERY DENNISON,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Defendants' motions for summary judgment on the issue of

exhaustion of remedies. (Docs. 76 & 91) The motions are fully briefed (Docs. 78, 92, 97,

113), and the Court held a *Pavey* evidentiary hearing on June 23, 2021.[2] (Doc. 116)

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections

("IDOC") currently incarcerated at Dixon Correctional Center, brought this action

---

[1] Although the docket lists the final defendant as "Warden of Pinckneyville Correctional Center," Defendants identified him as Jeffery Dennison in their answer (Doc. 56) and subsequent filings.

[2] Plaintiff filed supplemental briefs on June 28, 2021. (Docs. 117 & 118) Because Plaintiff filed these briefs without leave of the Court, they are due to be stricken. *See* SDIL-LR 7.1(c).

pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. Hoskins claims that while he was incarcerated at Pinckneyville Correctional Center, Defendants conspired to force him to tell his psychiatrist that he wished to discontinue the use of psychotropic medications. (Doc. 1 at 47) He claims that Defendant Rueter threatened to "fabricate a sexual misconduct disciplinary report" against him if he did not do as Defendants wished. (Doc. 1 at 47) According to Hoskins, these events took place in May 2020. (Doc. 1 at 47) Hoskins asserts that he filed a grievance concerning these issues by placing the grievance "in the box through Counselor Reid hands on May 19, 2020 who was my counselor." (Doc. 1 at 46) However, he claims that Counselor Reid and Counselor Wall told him that his grievance would not be processed "due to the nature of the grievance." (Doc. 1 at 46) The Court conducted a threshold review of Hoskins' complaint pursuant to 28 U.S.C. § 1915A and determined that Hoskins could proceed on the following claims: (1) First Amendment retaliation claim against Defendants, (2) Eighth Amendment deliberate indifference claim against Defendants for interfering with and/or denying him mental health treatment, and (3) Eighth and/or Fourteenth Amendment claim against Defendants for the unauthorized disclosure of his mental health information and/or disclosing the information for the purpose of threatening and humiliating him. (Doc. 7 at 3)

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison

Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). The Act states, in pertinent part,

that "no action shall be brought with respect to prison conditions under section 1983 of

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

*Id*. As an inmate confined within the IDOC, Plaintiff was required to follow the

regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance

procedures") to exhaust his claims properly. *See* 20 Ill. Admin. Code §504.800, *et seq*.

The grievance procedures require inmates to file their grievance with the

counselor within 60 days of the discovery of an incident. *See* 20 Ill. Admin. Code

§ 504.810(a). The grievance form must

> contain factual details regarding each aspect of the offender's complaint,
> including what happened, when, where, and the name of each person who
> is the subject of or who is otherwise involved in the complaint. This
> provision does not preclude an offender from filing a grievance when the
> names of individuals are not known, but the offender must include as much
> descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810(c). Grievances that are unable to be resolved through

routine channels are then sent to a grievance officer. *See* 20 Ill. Admin. Code § 504.820(a).

The grievance officer will review the grievance and provide a written response to the

inmate. *See* 20 Ill. Admin. Code § 504.830(a). The grievance officer must submit his

findings to the Chief Administrative Officer ("CAO") within two months after receiving

the grievance. 20 Ill. Admin. Code § 504.830(e). The CAO then reviews the findings and

recommendation of the grievance officer and issues a written decision to the inmate. *Id.*

If the inmate is not satisfied with the response, he can file an appeal with the

Administrative Review Board ("ARB"). *See* 20 Ill. Admin. Code § 504.850(a). Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002).

It is undisputed that any grievance filed by Hoskins and related to the allegations at issue in this case was never processed by a grievance officer, a CAO, or the ARB before Hoskins filed this lawsuit. (Docs. 78 at 7; 92 at 5; 97 at 1) Defendants argue that even if Hoskins had filed a grievance immediately on May 19, 2020, he jumped the gun by filing this lawsuit on June 9, 2020, before the grievance officer's two-month window to answer the grievance would have expired. (Doc. 92 at 7) At the evidentiary hearing, Hoskins explained that he did not wait for the two-month period to lapse because Reid and Wall told him that his grievance would never be processed. While "[e]xhaustion is necessary even . . . if the prisoner believes that exhaustion is futile," prisoners are excused from the exhaustion requirement if prison officials refuse to "respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

However, the Court does not credit Hoskins' testimony. When deciding the question of exhaustion, the trial court is to resolve disputed questions of fact and make credibility determinations when needed. *Pavey v. Conley*, 663 F.3d 899, 901–06 (7th Cir. 2011). Hoskins has filed hundreds of grievances during his incarceration over the past ten years. (Doc. 78-1) IDOC records indicate that many of these grievances were processed before, during, and after May 2020. (Docs. 78-1; 78-2; 92-1) However, all parties agree that no grievance addressing the allegations at issue in this case was processed

before Hoskins filed his complaint with this Court on June 9, 2020.[3] (Docs. 78 at 7; 92 at

5; 97 at 1) Other than Hoskins' allegations of a grand conspiracy organized to punish him

for reporting the misconduct of certain officers to his psychiatrist, there is little to explain

why officers might prevent one grievance from being processed while permitting

hundreds of others. Further, the conspiracy claim is implausible on its face and

inconsistent with the evidence. According to IDOC records, Reid provided two grievance

forms to Hoskins on May 15, and Hoskins was able to submit a grievance regarding

confiscated property to Counselor Mercier on May 19. (Doc. 78-3 at 3) Combined with the

evidence of Hoskins' numerous other grievance filings, these facts show that he has had

no problem making use of IDOC's administrative remedies despite the conspiracy

allegedly organized against him. In light of the evidence, the Court finds Hoskins'

testimony at the *Pavey* hearing to be unpersuasive.[4] The Court concludes that Hoskins

did not file a grievance regarding the events at issue in this lawsuit and failed to exhaust

his administrative remedies.

For these reasons, Defendants' motions for summary judgment as to exhaustion

of administrative remedies (Docs. 76 & 91) are GRANTED. Plaintiff's supplemental briefs

(Docs. 117 & 118) are STRICKEN. The Court DISMISSES without prejudice Hoskins'

---

[3] Any grievances filed after Hoskins filed this lawsuit cannot satisfy the exhaustion requirement, and a lawsuit may be dismissed "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004).

[4] While making its own assessment of Hoskins' credibility, the Court takes judicial notice of other cases in which courts of this district have found Hoskins to be untruthful. *See Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011); *Hoskins v. Johnson, et al.*, No. 19-cv-1303-GCS (Doc. 98, Dec. 10, 2020); *Hoskins v. Dilday, et al.*, No. 16-334-NJR-GCS (Doc. 168, Mar. 12, 2019); *Hoskins v. Spiller, et al.*, No. 17-1121-MJR-MAB (Doc. 82, Jan. 25, 2019); *Hoskins v. Spiller, et al.*, No. 16-1232-MJR-SCW (Doc. 91, July 16, 2018).

claims against Defendants. The Court DIRECTS the Clerk of the Court to enter judgment

and close the case.

**SO ORDERED.**

Dated: June 30, 2021

_____
DAVID W. DUGAN
United States District Judge